UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRICKLAYERS PENSION TRUST FUND -
METROPOLITAN AREA, et al.,

      Plaintiffs,

Case No. 2:13-cv-14917

v.

HONORABLE STEPHEN J. MURPHY, III

E&R MASONRY CONSTRUCTION, INC.,
et al.,

      Defendants.

_____/

**ORDER GRANTING PLAINTIFFS'
<u>MOTION FOR FINAL JUDGMENT</u> (document no. 79)**

Plaintiffs, the Trustees of the Bricklayers Fringe Benefit Funds, filed suit against Defendants E&R Masonry Construction, Inc., Brick Masonry, Inc., BMC Masonry, Inc., Roberto Sanchez, Efrain Sanchez, Ulices Sanchez, and Elena Sanchez for unpaid fringe benefits, breach of fiduciary duties under the Employee Retirement Income Security Act (ERISA), and violations of the Michigan Building Contract Fund Act. The Court granted in part and denied in part Plaintiffs' motion for summary judgment and held the following: BMC is the alter ego of Brick and E&R; all three companies must submit to an audit to determine the amounts owed under the Collective Bargaining Agreement; and all three companies are liable on the amounts owed as revealed in the audits. Order, ECF No. 71. The Court withheld judgment, however, on the individual liability of Roberto, Efrain, and Ulices Sanchez pending the outcome of the audit, which is now complete. *Id.* at 15. In the matter before the Court, the Plaintiffs move for final judgment against the Defendants. Mot., ECF No. 79. For the reasons stated below, the Court will grant the motion.

**DISCUSSION**

I. <u>Final Damages</u>

Plaintiffs ask the Court to impose judgment in the amount indicated by the audit. *See* Aff., ECF No. 79-2. As stated in the Court's earlier grant of summary judgment, Defendants E&R, Brick, and BMC are liable for the amounts revealed by the audit. In addition, the Court finds Plaintiffs' requests for attorney fees reasonable and will grant the requested amount.

Defendants dispute the results of the audit. Resp. 10, ECF No. 80. Apart from their assertion, however, they offer nothing to show the Court a specific, factual inaccuracy in the report. Without more, Defendants' conclusory — and unsupported — statement challenging the accuracy of the audit is unavailing.

Also, Defendants argue that they should be entitled to more time for discovery to "cross-examine" the audit. *Id.* Defendants received a copy of the audit sometime in late April or early May and filed a response on May 31, 2016. *See* Email, ECF No. 80-1; Resp., ECF No. 80. Defendants had at least 28 days to examine the audit. Defendants do not point to a single, specific, factual inaccuracy in the audit. Defendants do not explain what discovery would accomplish at this point, or what they seek to discover. Accordingly, the Court will enter judgment against the Defendants E&R, Brick, and BMC for the amounts revealed in the audit, and for the attorney fees requested by Plaintiffs.

II. <u>Individual Liability</u>

Plaintiffs argue that Roberto, Efrain, and Ulices Sanchez are individually liable for the judgment against E&R, Brick, and BMC as fiduciaries under ERISA. Mot. 6, ECF No. 79; Reply 3–4, ECF No. 83. Defendants argue, however, that to hold individual Defendants

personally liable, Plaintiffs must first "pierce the corporate veil." Resp 9, ECF No. 80.

As a matter of law, Defendants are incorrect. Plaintiffs do not need to pierce the corporate veil to hold individual Defendants personally liable under ERISA. *Trs. of Mich. Reg'l Council of Carpenters Emp. Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370, 373–74 (E.D. Mich. 2005). Instead, Plaintiffs need only show that Roberto, Efrain, and Ulices Sanchez breached a fiduciary duty to make contributions to the fringe benefit funds.

A person who exercises any discretionary authority or control respecting management or disposition of plan assets has a fiduciary duty under ERISA. 29 U.S.C. § 1002(21)(A). And "any person who is a fiduciary and breaches a fiduciary duty shall be personally liable to make good to such plan any losses to the plan resulting from such breach." *Trs. of Mich.*, 408 F. Supp. 2d at 374.(quotations omitted). Additionally, an ERISA fiduciary is personally liable for a breach of fiduciary duty "for using money owed under certain ERISA Funds to pay the defendant corporation's other creditors." *Id.* at 373–74

Plaintiffs have established that Roberto, Efrain, and Ulices Sanchez had discretionary control over the assets of E&R, Brick, and BMC. *See* Elena Sanchez Dep. 6:2–18, 7:2–9, 10:7–17, ECF No. 54-4 (acknowledging the parties' ownership of the companies); 2011 Tax Form, ECF No. 54-5 (Efrain and Elena Sanchez claiming ownership of Brick Masonry); 2012 Tax Form, ECF No. 54-5 (Efrain and Elena Sanchez claiming ownership of Brick Masonry); Ulices Sanchez Dep. 10:4–5, 10:20–11:1 (stating that Robert Sanchez owns E&R Masonry, and that Efrain used to be co-owner), 20:23–25 (acknowledging ownership of BMC); Notice of Furnishing, ECF No. 54-8 (Ulices Sanchez signing notice as "Office Manager" of Brick); BMC Art. of Incorp., ECF No. 54-9 (naming Ulices Sanchez as

3

incorporator); Efrain Sanchez Dep. 9:8–13:18 (acknowledging initial ownership of E&R), 13:21–15:10 (acknowledging ownership of Brick), Brick Art. of Incorp., ECF No. 54-14 (naming Roberto Sanchez and Efrain Sanchez as incorporators); Roberto Sanchez Dep. 9:1–2 (acknowledging ownership of E&R), ECF No. 54-17; E&R Art. of Incorp., ECF No. 54-18 (naming Roberto Sanchez and Efrain Sanchez as incorporators).

Since Roberto, Efrain, and Ulices Sanchez had discretionary control over the assets, they also had a fiduciary duty and are thus individually liable for the failure of the alter-ego companies E&R, Brick and BMC to make required payments under ERISA. The Court will therefore hold Roberto Sanchez, Efrain Sanchez, and Ulices Sanchez jointly and severally liable for the judgment against E&R, Brick, and BMC.

III. Defendants' Objection

Defendants argue that the Court should have dismissed the matter based on Plaintiffs' failure to timely respond to a show cause order. *See* Resp., ECF No. 80. This argument is without merit. The decision of whether to dismiss a case for failure to prosecute is entrusted to the sound discretion of the Court. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). And here, the Court found the Plaintiffs' failure to respond to the initial show-cause order was excusable since the order was mistakenly filed under seal, and that dismissal was unwarranted.

## CONCLUSION

The Court will grant Plaintiffs' motion for final judgment, and will enter judgment for Plaintiffs and against Defendants E&R Masonry Construction, Inc., Brick Masonry, Inc., BMC Masonry, Inc., Roberto Sanchez, Efrain Sanchez and Ulices Sanchez for $664,347.92, including $442,056.68 in fringe benefit contributions owed for the period of

November 2012 through October 2015, $132,687.74 in liquidated damages and interest, and $89,603.50 in attorney fees and costs. Defendants will be held jointly and severally liable.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Plaintiff's Motion for Final Judgment (document no. 79) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendants are **ENJOINED** from violating the terms and conditions of the Collective Bargaining Agreement regarding the payment of contributions, including, but not limited to, timely payment of contributions.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE.** The Court will retain jurisdiction to enforce its order.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager